UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND MCGRAW, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 1:14-cv-851-TWP-DKL |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

For the reasons explained in this Entry, petitioner Raymond McGraw's ("McGraw") petition for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

McGraw is an Indiana state prisoner currently incarcerated at Miami Correctional Facility serving a forty-year sentence for robbery, attempted carjacking, and resisting law enforcement, and he was determined to be a habitual offender. McGraw was sentenced for these crimes on March 31, 2003. The Indiana Court of Appeals affirmed his sentence on November 18, 2003, and he did not file a petition to transfer with the Indiana Supreme Court.

McGraw filed a petition for post-conviction relief in state court on November 10, 2004. That petition was denied by the post-conviction court on March 13, 2013. The Indiana Court of Appeals ultimately dismissed his appeal from the denial of post-conviction relief because it was untimely, and the Indiana Supreme Court denied transfer on April 4, 2014.

McGraw filed the instant petition for a writ of habeas corpus in this Court on May 22, 2014.

## II. Discussion

McGraw contends that his convictions and sentence were obtained in violation of his constitutional rights in several respects. The Respondent argues that McGraw's petition must be denied because it is untimely and because his claims are procedurally defaulted. The Court agrees with the Respondent that McGraw's petition for writ of habeas corpus is untimely, and thus the Court need not reach the issue of procedural default.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

McGraw did not file a petition to transfer with the Indiana Supreme Court following the Indiana Court of Appeals decision on his direct appeal. Therefore, his conviction became final thirty days after his direct appeal was decided—that is, the time in which he had to file a petition to transfer, *see* Ind. App. R. 57(c)—which was December 18, 2003. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). He therefore had one year from December 18, 2003, to file his petition for a writ of habeas corpus in this Court.

McGraw filed a petition for post-conviction relief in state court during the pendency of his one-year period, on November 10, 2004. Pursuant to § 2244(d)(2), while McGraw's post-conviction proceedings were "pending" in state court, the statute of limitations clock was not running. *Day*, 547 U.S. at 201. As of November 10, 2004, 328 days of the limitations period had elapsed, which left 37 days remaining.

McGraw's post-conviction proceedings concluded on April 3, 2014, when the Indiana Supreme Court denied his petition to transfer. *See Socha v. Boughton*, 763 F.3d 674, 681 (7th Cir. 2014) ("Th[e] suspension [of the statute of limitations set forth in § 2244(d)(2)] lasts . . . only for the period when the state courts are considering the case; it does not include the time during which *certiorari* may be sought in the U.S. Supreme Court (or, if sought, ruled upon)."). McGraw therefore had 37 days, or until May 10, 2014, to file his petition for habeas corpus in this Court. However, he did not file his petition with this Court until May 22, 2014, which is outside the one-year statute of limitations.

McGraw's resistance to this conclusion reflects a misunderstanding of how the one-year statute of limitations is counted. He contends that he had one year from the Indiana Supreme Court's denial of transfer on April 3, 2014, to file his habeas petition. But as explained above, he had already expended all but 37 days of his one-year period prior to the initiation of his post-conviction proceedings, and thus only had 37 days remaining to file his federal habeas petition once the Indiana Supreme Court denied transfer. In other words, § 2244(d)(2) only serves to pause the one-year clock; it does not restart it.

McGraw also alleges that his direct appeal counsel told his sister that he would file a petition to transfer to the Indiana Supreme Court after his direct appeal was denied, but failed to do so. First, it appears that McGraw relies on this to show that he timely filed his *state* post-

conviction proceeding (or to argue that his claims were not procedurally defaulted). But as explained above, the relevant question is whether his federal habeas petition was timely filed, not his state post-conviction petition.

Even if McGraw's argument is construed as one for equitable tolling, it cannot succeed. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "It is the petitioner's burden to establish both of these points." *Socha*, 763 F.3d at 683.

McGraw's argument regarding his attorney's failure to file a petition to transfer to the Indiana Supreme Court following his direct appeal is, at the very least, insufficient to demonstrate that he diligently pursued his rights. As McGraw sets out, he knew he had to proceed *pro se* in his state post-conviction proceedings by June 4, 2004 at the very least (it is unclear precisely how or why he knew this on this date). But he failed to file his petition for post-conviction relief in state court until over five months later, on November 10, 2004. He does not explain this delay and how he was diligently pursuing his rights during that time, nor does he explain the delay in filing his federal habeas petition once the Indiana Supreme Court denied transfer on April 3, 2014.

Although McGraw details the difficulties he had in obtaining trial transcripts, these delays occurred during the pendency of his post-conviction petition when the limitations clock was paused, and thus did not contribute to the untimely filing of this federal habeas petition. Perhaps recognizing this, McGraw apparently relies on these delays in an effort to overcome his procedural default caused by the dismissal of his direct appeal, not as a basis for equitable tolling. Given the foregoing, McGraw has failed to demonstrate how he diligently pursued his rights during the relevant period, and he is therefore not entitled to equitable tolling. *Compare Socha*, 763 F.3d at

687-88 (holding that the petitioner diligently pursued his rights because he repeatedly attempted to amass the materials necessary to file his petition long before the deadline by consistently responding to barriers to filing and distinguishing the case from "the many cases in which a tardy petitioner puts nothing before the court and only later asks for equity to be exercised in his favor" because McGraw "altered the court before the deadline arrived").

In sum, McGraw's one-year statute of limitations ran on May 10, 2014. He did not file the instant petition for habeas corpus until May 22, 2014. Moreover, there is no basis to equitably toll the limitations period in this case. Therefore, McGraw's petition for a writ of habeas corpus must be dismissed with prejudice. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam).

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). McGraw has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. Unfortunately, his is petition for a writ of habeas corpus must be **dismissed with prejudice**.

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that McGraw has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 06/06/2016

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Raymond McGraw
No. 883037
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

Electronically Registered Counsel